**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| DARKAS FLOUNOY, ) | CASE NO. 1:13-CV-01293 |
| ) | |
| Plaintiff, ) | JUDGE LIOI |
| ) | |
| v. ) | MAGISTRATE JUDGE |
| ) | VECCHIARELLI |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | **REPORT AND RECOMMENDATION** |
| ) | **(Doc. No. 16)** |

This case is before the undersigned United States Magistrate Judge pursuant to an automatic referral under Local Rule 72.2(b) for a Report and Recommendation. On November 27, 2013, Defendant Commissioner of Social Security ("Defendant") filed a motion to remand Plaintiff's case to the Social Security Administration for further proceedings, pursuant to the fourth sentence of 42 U.S.C. § 405(g). (Doc. No. 16.) Plaintiff subsequently filed an objection to Defendant's motion for remand, requesting that this Court deny Defendant's motion, reverse the decision of the Commissioner, and award Plaintiff benefits. (Doc. No. 18.)

Plaintiff opposes Defendant's motion for remand on the basis that remand is not warranted, as the record conclusively establishes that Plaintiff meets the requirements of Listing 12.05C. (*Id.*) A review of the ALJ's decision indicates evidence to the contrary. In addressing Listing 12.05C, the ALJ specifically noted the following:

> The claimant has a valid full scale IQ score of 67, however, her other impairments do not impose significant work related limitations of function. There is no evidence of adaptive functioning limitations prior to age 22. Evidence and claimant testimony indicate that she

> received special education services under an individualized educational plan (Exhibit 4F). Evaluation records from 1999 state that the claimant was able to follow directions and complete assignments with minimal assistance. *Id.* School progress notes from 2001 indicate that the claimant performed tasks upon assignment and demonstrated conscientious academic behaviors when in class, but was not in regular attendance (Exhibit 4F). Ultimately, the claimant's poor attendance record resulted in loss of high school credits, and she withdrew from school shortly thereafter. *Id.* Significantly, the claimant has been able to raise her child independently for several years, with minimal outside help, including paying bills and managing her own money.

(Tr. 15.) The ALJ discussed evidence tending to show that Plaintiff did not meet Listing 12.05C; however, the ALJ did not address the evidence that Plaintiff relies upon in her Brief on the Merits to support her argument that Plaintiff has an impairment imposing a significant work related limitation of function. As a result, it would be inappropriate for the Court on this record to award benefits without further review and analysis by the ALJ.

This Court will direct an award of benefits only where "all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health and Human Servs*, 17 F.3d 171, 176 (6th Cir. 1994). Here, the issue of whether Plaintiff meets Listing 12.05C has not been resolved. Thus, the proper approach is to remand Plaintiff's case to the Secretary for completion of the sequential analysis prescribed by the regulations. Only after that analysis is complete can this Court adequately determine whether the decision is supported by substantial evidence. The Magistrate Judge hereby recommends that Defendant's Motion for Remand be granted and an order and judgment be entered that remands the case and directs the ALJ to: (1) further evaluate the severity of the claimant's medically

determined impairments at step two; (2) further evaluate whether the claimant's impairments, singly or in combination, meet or equal the medical severity of a listed impairment in 20 CFR Part 404, Subpart P, Appendix 1; (3) if necessary, obtain medical expert evidence and/or a consultative examination to assist with determining the nature and severity of the claimant's impairments; (4) as appropriate, further consider the claimant's residual functional capacity; and (5) if necessary, secure supplemental evidence from the vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base.

s/ *Nancy A. Vecchiarelli*
U.S. Magistrate Judge

Date: December 6, 2013

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985), *reh'g denied,* 474 U.S. 1111 (1986).