# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| DARKAS FLOUNOY, | ) | CASE NO. 1:13CV1293 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the Report and Recommendation ("R&R") (Doc. No. 19) of Magistrate Judge Nancy Vecchiarelli, recommending that the Court grant defendant's motion to remand[1] for further proceedings. Plaintiff has filed objections to the R&R (Doc. No. 20), and the Commissioner has filed a response to those objections (Doc. No. 21).

For the reasons set forth herein, plaintiff's objections are overruled, and defendant's motion to remand is granted as directed.

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is

---

[1] Defendant's motion to remand is Doc. No. 16. Plaintiff opposed that motion. (Doc. No. 18.) The full administrative transcript of the original proceedings has also been filed (Doc. No. 14) and has been considered by the Court as part of its de novo review.

dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party.").

"An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). *See also* Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to"); LR 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections").

After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## BACKGROUND

On July 27, 2010, plaintiff, Darkas Flounoy, filed an application for supplemental security income benefits, alleging disability due to learning disability, seizures, and asthma. (Tr. [Doc. No. 14] at 251.)[2] After denial initially and on reconsideration, Flounoy requested a hearing before an administrative law judge ("ALJ"). On February 22, 2012, represented by counsel, Flounoy appeared and testified at a video teleconference hearing, where a vocational expert ("VE") also testified. On March 2, 2012, the ALJ issued an unfavorable decision. (Tr. 91-109.) In a decision dated April 19, 2013, the Appeals Council declined review, rendering the March 2, 2012 decision of the ALJ final. (Tr. 83-88.)

---

[2] All page number references are to the Page ID# applied electronically by the CMECF system.

2

The ALJ made the following findings:

1. The claimant has not engaged in substantial gainful activity since July 16, 2010, the alleged onset date (20 CFR 416.971 *et seq*.).

2. The claimant has the following severe impairments: borderline intellectual functioning, seizure disorder, and asthma (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: The claimant is to avoid concentrated exposure to fumes, gases, odors, dusts, poor ventilation, etc. The claimant should avoid all exposure to hazards including unprotected heights, and hazardous machinery. The claimant cannot perform commercial driving tasks. The claimant is able to understand and remember adequately enough to perform simple and repetitive work tasks in an environment where changes are easily explained. The claimant cannot perform at a production rate pace, but can perform goal-oriented work. The claimant is limited to simple work-related decision making.

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born on xxxxx, 1982 and was 27 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. The claimant has a limited education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

> 10. The claimant has not been under a disability, as defined in the Social Security Act, since July 16, 2010, the date the application was filed (20 CFR 416.920(g)).

(Tr. 96-105, birthdate redacted.)

In her brief on the merits (Doc. No. 15), plaintiff argued that the ALJ erred in finding, at step three of the 5-step analysis, that she does not meet the requirements of Listing 12.05C and, at step five of the process, that she is capable of performing a significant number of jobs in the national economy.

Defendant apparently agreed that additional analysis was required because it sought remand under the fourth sentence of 42 U.S.C. § 405(g), for further administrative proceedings, including the opportunity for a hearing and a new decision.

## DISCUSSION

The R&R recommends remand with the five instructions listed above. Plaintiff opposes remand, requesting instead that this Court simply find her disabled and entitled to benefits. She cites *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994) (a court may reverse the decision of the Commissioner and award benefits "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits"). However, the cited passage from *Faucher* is stronger than plaintiff suggests, stating that the Court can award benefits "*only if*" all the factual issues have been resolved and the record clearly indicates entitlement. That is not the case here.

Reversal of an administrative decision is the proper remedy only in "rare circumstances." *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744, 105 S. Ct. 1598, 84 L. Ed. 2d 643 (1985). "The reviewing court is not generally empowered to conduct a *de novo* inquiry into the matter being reviewed and to reach its own conclusions based on such an

inquiry." *Id.* Nor may the reviewing court resolve conflicts in evidence. *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). A case should be remanded with a directive to award disability benefits *only* when the record has been fully developed, *all* essential factual issues have been resolved, and the record adequately establishes a plaintiff's entitlement to benefits. *Morales v. Apfel*, 225 F.3d 310, 320 (3d Cir. 2000); *Faucher*, 17 F.3d at 176.

Here, as pointed out by the Commissioner, there are unresolved factual issues as to whether plaintiff meets the requirements of Listing 12.05C. First, there is conflicting evidence in the record as to whether plaintiff has mental retardation (Exhibits 3F and 5F) or borderline intellectual functioning (Exhibit 1F). Second, the ALJ's decision gives conflicting explanations as to whether plaintiff has established other severe physical impairments of seizure disorder and asthma. Although these impairments were found to be severe at step two (Tr. at 96), the ALJ found at step three that these impairments did not impose "significant work-related limitation of function (Tr. at 97). Furthermore, the ALJ points to a lack of symptoms and very minimal treatment, as well as "evidence of improvement with medication and little clinical support that either of these conditions causes any functional limitations." (Tr. at 102, 104). On its face, the ALJ's decision raises the question of whether these two impairments are actually severe. Because resolving this issue is also material to determining whether plaintiff met Listing 12.05C, this issue must be clarified on remand.

## CONCLUSION

For the reasons set forth herein, plaintiff's objections to the R&R are overruled. Her request for an order of remand directing an award of benefits is denied. Rather, this case is remanded under sentence four of 42 U.S.C. § 405(g), with the following instructions to the ALJ:

1. to further evaluate the severity of the claimant's medically determined impairments at step two;

2. to further evaluate whether the claimant's impairments, singly or in combination, meet or equal the medical severity of a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1;

3. if necessary, to obtain medical expert evidence and/or a consultative examination to assist with determining the nature and severity of the claimant's impairments;

4. as appropriate, to further consider the claimant's residual functional capacity; and

5. if necessary, to secure supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base.

**IT IS SO ORDERED**.

Dated: February 20, 2014

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**